IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRYAN NETSCH AND,** § | | |
| **INTENSE PRINTING, INC.**, § | | |
| § | | |
| Appellants, § | | |
| § | | |
| v. § | Civil Action No. **3:15-CV-0455-L** | |
| § | (Consolidated with 3:15-785-L) | |
| **DANIEL J. SHERMAN, TRUSTEE**, § | | |
| § | | |
| Appellee. § | | |

**MEMORANDUM OPINION AND ORDER**

Appellants Bryan Netsch and Intense Printing, Inc. (collectively, "Appellants") appeal the bankruptcy court's denial of their motion to extend the time to appeal and motion for reconsideration. After careful consideration of the bankruptcy court's orders, briefs, the record on appeal, and applicable law, the court **affirms** the bankruptcy court's January 26, 2015 and March 4, 2015 orders and **dismisses with prejudice** this appeal.

**I.    Procedural and Factual Background**

The underlying adversary proceeding that gave rise to this appeal was brought on April 23, 2010, by Debtor Prism Graphics, Inc.'s Chapter 7 bankruptcy trustee Daniel J. Sherman ("Trustee"). On October 27, 2014, after a trial of the Trustee's claims against Bryan Netsch and Intense Printing, Inc., the bankruptcy court entered a final judgment in favor of the Trustee. Federal Rule of Bankruptcy Procedure 8002(a) requires a notice of appeal to be filed "within 14 days after entry of the judgment, order, or decree being appealed." Thus, the deadline to appeal this judgment was November 10, 2014. No appeal by Appellants was filed by this date. On November 20, 2014, an

amended final judgment was entered by agreement to correct a clerical error in the original judgment. The deadline to appeal the amended judgment was December 4, 2014. Appellants did not file their Notice of Appeal or Motion to Extend Time to File Notice of Appeal until December 16, 2014. The Trustee opposed the motion for extension of time.

On January 26, 2015, after a hearing, the bankruptcy court denied the Motion to Extend Time to File Notice of Appeal. On January 30, 2015, Appellants moved the bankruptcy court to reconsider its denial of their motion for extension of time. Thereafter, Appellants filed a supplemental motion for reconsideration, which was docketed on February 4, 2015, and denied by the bankruptcy court on March 4, 2015. Appellants appealed the bankruptcy court's January 26, 2015 and March 4, 2015 orders denying their motions in two separate appeals. The later-filed appeal of the motion for reconsideration was transferred to this court and consolidated with the appeal in this case of Appellants' motion for extension of time to appeal.

## II.   The Parties' Contentions on Appeal

According to Appellants, their counsel was not aware that either deadline to appeal had expired until receiving the Trustee's demand letter for payment of the judgment on December 15, 2014. Appellants state that their counsel's mistake was not due to his misinterpretation of the Bankruptcy Rules but instead was attributable to his mistaken belief that he had 28 days, rather than 14 days, to appeal. Appellants' Br. 10 ("The mistake was not due to Appellants' counsel's misinterpretation of the Bankruptcy rules, but rather on his blind assurance that he 'knew' the correct deadline."). Appellants maintain that their counsel inadvertently calendared the wrong deadline but acknowledge that this factor weighs against a finding of excusable neglect. *Id.* at 10-11. Appellants, nevertheless, contend that consideration of counsel's mistake in calculating the appeal deadline

**Memorandum Opinion and Order - Page 2**

should not "trump" the other factors in the analysis of whether the mistake constitutes excusable neglect. Appellants, therefore, assert that, "in finding that excusable neglect did not exist, the bankruptcy court held this factor dispositive instead of balancing all of the factors and circumstances against each other" and "placed too much weight on the reason for the delay." Appellants' Br. 11.

Appellants do not dispute that their Notice of Appeal and motion for extension of time were filed after the deadline for filing a notice of appeal. They instead contend that the bankruptcy court erred in denying their motions for extension of time to file a notice of appeal and reconsideration because their counsel's mistake in calculating or calendaring the appeal deadline constitutes "excusable neglect" under Bankruptcy Rule 8002(c) and the standard set forth in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnerships*, 507 U.S. 380 (1993), particularly when all of the *Pioneer* factors are considered. Appellants contend that neither *Pioneer* nor the Fifth Circuit's opinion in *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465 (5th Cir. 1998), forecloses a finding of excusable neglect when other factors, such as the danger of prejudice to the debtor and whether the movant acted in good faith, are considered. In addition to the *Pioneer* factors, Appellants request that the court also consider whether their appeal is meritorious and the likelihood that the bankruptcy court would have granted their requested extension if it had been filed timely.

The Trustee disagrees and contends that the bankruptcy court correctly determined that Appellants' counsel's mistake is not excusable neglect under *Pioneer* and *Halicki*. The Trustee asserts that consideration of the other *Pioneer* factors also weighs against a finding of excusable neglect. The Trustee contends that the two additional equitable considerations relied on by Appellants are not relevant to the issue of whether excusable neglect has been established under

**Memorandum Opinion and Order - Page 3**

*Pioneer*, and Appellants have not cited any authority to show that consideration of such factors is required or appropriate in an excusable neglect analysis.

## III. Standard of Review

In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: a bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. *In re Universal Seismic Assocs., Inc.*, 288 F.3d 205, 207 (5th Cir. 2002). The court reviews for abuse of discretion the bankruptcy court's determination that Appellants' failure to file a timely notice of appeal was not due to excusable neglect. *See Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 878 (5th Cir. 1998).

## IV. Analysis

The Supreme Court in *Pioneer* established the following factors for determining "excusable neglect": (1) "danger of prejudice to the opposing party"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. The court in *Pioneer* explained that the determination as to whether excusable neglect exists is "at bottom an equitable one, taking into account of all relevant circumstances surrounding the party's omission." *Id.* at 394. The *Pioneer* court, however, went on to explain that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392. *Pioneer* involved an "excusable neglect" analysis under Bankruptcy Rule 9006(b)(1), but the Fifth Circuit has adopted the *Pioneer* factors and standard of

excusable neglect and applied them to a number of procedural rules in the civil and criminal context. *See Halicki*, 151 F.3d at 468-69.

Based on the standard in *Pioneer*, the Fifth Circuit in *Halicki* reasoned that "a misconstruction of the rules—especially when their language is plain—will rarely satisfy the 'excusable neglect' standard." *Id.* at 469 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 392). While "some misinterpretations of the federal rules may qualify as excusable neglect, such is the rare case indeed." *Id.* at 470. Thus, when "the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable. Were it otherwise, almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline." *Id.*

In this case, the bankruptcy court applied the *Pioneer* standard to the facts of the case and determined that Appellants' reason for missing the deadline to file a notice of appeal, counsel's mistake in calculating the appeal deadline under the Federal Rules of Civil Procedure rather than the Federal Rule of Bankruptcy Procedure 8002(a), does not constitute excusable neglect under *Pioneer* or Fifth Circuit precedent because the "Bankruptcy Rules for appeals from the bankruptcy court are unambiguous and not onerous on counsel purporting to represent litigants" in the bankruptcy court. February 10, 2015 Order 6. The bankruptcy court noted that the facts of this case are strikingly similar to those in *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465 (5th Cir. 1998), and *In re Sanders*, 163 F.3d 1356, 1998 WL 858820 (5th Cir. 1998) (per curiam), in which the Fifth Circuit upheld the lower courts' findings of inexcusable neglect because such determinations are "virtually unassailable" when the rule at issue is unambiguous. February 10, 2015 Order 4-5 (quoting *Halicki*, 151 F.3d at 470). The bankruptcy court, therefore, concluded that counsel's confusion and mistake,

which was within his or Appellants' control, weighed against a finding of excusable neglect, notwithstanding the court's findings regarding the other *Pioneer* factors. The bankruptcy court also noted, "Had [Appellants'] failure to file the Notice of Appeal been the product of counsel merely putting the wrong date on the calendar, the *Stotter* case cited in the Motion to Extend time might apply"; however, because Appellants were apparently aware of Rule 8002(a), the court concluded that the facts of this case were more similar to those in *Halicki* and *In re Sanders* and did not support a finding of excusable neglect.

The court detects no error in the bankruptcy court's application of the *Pioneer* standard to the facts of this case. Unlike *Pioneer*, which involved an attorney's failure to file a proof of claim by the deadline set by the court because the notice of bar date was provided in a manner that was inconspicuous and inconsistent with the ordinary course of bankruptcy cases, *Pioneer Inv. Servs. Co.*, 507 U.S. at 398, Appellants' counsel's mistake involved an unambiguous rule and a calculation of a deadline that was within his control. Consequently, the nature of counsel's mistake in calculating the deadline to file a notice of appeal under the Federal Rules of Civil and Appellate Procedure, rather than the applicable unambiguous bankruptcy rule, "weighs heavily against a finding of excusable neglect." *Halicki*, 151 F.3d at 470.

Although Appellants cite a number of cases in which the Fifth Circuit has affirmed a lower court's finding of excusable neglect, the standard of review in such cases is less stringent. As the Fifth Circuit has explained, it "gives more leeway to a district court's determination of excusable neglect when the district court grants the motion for an extension of time." *Stotter v. University of*

*Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (citing *Midwest Employers Cas. Co.*, 161 F.3d at 879). Because the procedural posture and facts of this case are more like those of *Halicki* than the other cases cited by Appellants, the court finds the reasoning in *Halicki* more persuasive.

Appellants' characterization on appeal of their counsel's neglect as a calendaring mistake in an apparent effort to bring the facts of this case in line with *Stotter* in light of the bankruptcy court's comment regarding *Stotter* does change the nature of the mistake or the court's determination that the bankruptcy court did not abuse its discretion in denying the motion for extension of time to appeal. As with the other Fifth Circuit cases cited by Appellants, *Stotter* involved an appeal of a district court's finding of excusable neglect, and the court's opinion in that case makes clear that its affirmance of the district court's finding of excusable neglect was based on "the leeway granted to district courts" under the less stringent standard of review. *Stotter*, 508 F.3d at 820. This alone makes *Stotter* distinguishable. Moreover, unlike *Stotter*, in which the appellant's counsel "accidentally entered the incorrect year into her new computer-based calendar," Appellants' bankruptcy counsel in this case incorrectly calculated the deadline to appeal by using Federal Rules of Civil and Appellate Procedure rather than the applicable bankruptcy rules. To make matters worse, Appellants' counsel made the same mistake twice in calculating the deadlines to appeal the original and amended judgments. As a result, he missed not one, but two appeal deadlines. Consequently, the facts of this case are distinguishable from those in *Stotter*.

The court, therefore, agrees with the bankruptcy court's determination that Appellants' reason for missing the deadline for filing a notice of appeal, counsel's simple mistake in calculating the appeal deadline, was not the result of excusable neglect under the standard set forth in *Pioneer*. *See Halicki*, 151 F.3d at 467-70; *see also In re Sanders*, 1998 WL 858820 at *1 (affirming denial of

**Memorandum Opinion and Order - Page 7**

extension of time to appeal because "confusing the Bankruptcy Rules and the Federal Rules of Civil Procedure, does not constitute 'excusable neglect.'"). Further, the bankruptcy court applied the correct standard under *Pioneer*, considered all relevant factors under *Pioneer*, and considered all arguments and matters presented to it in making the equitable determination that an extension was unwarranted. Under *Pioneer*, no more is required. *See Halicki*, 151 F.3d at 469. Accordingly, the court does not consider the additional equitable factors urged by Appellants.

V.      **Conclusion**

For the reasons stated, the court concludes that the bankruptcy court did not abuse its discretion in denying Appellants' request to extend their time to appeal or their motion for reconsideration. Accordingly, the court **affirms** the bankruptcy court's January 26, 2015 and March 4, 2015 orders and **dismisses with prejudice** this appeal. The clerk of court is **directed** to prepare, sign, and enter judgment in accordance with this memorandum opinion and order pursuant to Rule 8016(a) of the Federal Rules of Bankruptcy Procedure.

**It is so ordered** this 31st day of March, 2016.

                                                  Sam A. Lindsay
                                                  United States District Judge